# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>Account associated with<br>phone # 858-829-7358 &<br>IMEI 356427103902560 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   '23 MJ00099 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference.

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❒ contraband, fruits of crime, or other items illegally possessed;

❒ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code,<br>Sections 841(a)(1), 841(b)(1) | Possession with Intent to Distribute and Distribution of Controlled Substances |

The application is based on these facts:

See Attached Affidavit of Matthew Gagliardi, DEA Task Force Officer, incorporated herein by reference.

❒ Continued on the attached sheet.

❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Matthew Gagliardi*
_____
*Applicant's signature*

Matthew Gagliardi, DEA Task Force Officer
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: _1/10/23_

*William V. Gallo*
_____
*Judge's signature*

City and state:    San Diego, California     HON. WILLIAM V. GALLO, U.S. Magistrate Judge
_____
*Printed name and title*

## ATTACHMENT A

Verizon Wireless hosts the electronic communication account associated with the telephone number **858-829-7358** and IMEI **356427103902560** that is the subject of this search warrant and search warrant application (the "subject account").

Verizon Wireless is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 180 Washington Valley Road, Bedminster, New Jersey 07921.

ATTACHMENT B

I.  Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

II.  Items to be Seized

October 13
wvg

Agents shall seize the following records, data, and information covering ~~September 17,~~ 2022 to **October 17, 2022** and maintained by the Provider for the subject account identified in Attachment A:

a.  Subscriber information, including:
    i.  Names;
    ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    iii.  Local and long distance telephone connection records;
    iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    v.  Length of service (including start date) and types of service utilized;
    vi.  Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
    vii.  Other subscriber numbers or identities; and
    viii.  Means and source of payment (including any credit card or bank account number) and billing records.

b.  Records and other information about past wire or electronic communications sent or received by the subject account, including:

i. the date and time of the communication;
ii. the method of the communication;
iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses;
iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; and
v. All available PCMD reports for **October 13, 2022, 7 p.m. UTC (12 p.m. PDT)** through **October 17, 2022, 7 p.m. UTC (12 p.m. PDT).**

which are evidence of violations of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute and Distribution of Controlled Substances.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Matthew Gagliardi, being duly sworn, state as follows:

1.      This affidavit is in support of an application by the United States of America for a search warrant for Verizon Wireless, 180 Washington Valley Road, Bedminster, New Jersey 07921, as described in Attachment A, to search the account associated with the following cellular telephone number and International Mobile Equipment Identity ("IMEI") number:

**Phone # 858-829-7358**

**IMEI # 356427103902560**

(the "**Subject Account**") for subscriber information, telephone toll data, and cell-site geolocation data from **September 17, 2022** to **October 17, 2022**. There is probable cause that these records and information constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, Title **21**, United States Code Sections **841(a)(1) and 841(b)(1)(C)**, as described in Attachment B. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, Verizon Wireless provides electronic communication services in the form of cellular and wireless telephone service for the subject account.

## EXPERIENCE & TRAINING

1.      I am a peace officer employed by the San Diego Police Department (SDPD) since July 2008. I am currently assigned, and have been so since October 2021, as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) San Diego County Integrated Narcotic Task Force (NTF) Team 10, which investigates drug related overdose deaths. I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7).

2.      I was previously assigned to the SDPD Neighborhood Policing Division Investigations Unit, the SDPD Domestic Violence Investigations Unit, the SDPD

Northern Division Investigations Unit, and SDPD Northern Division Patrol Division. During my career, I have investigated over 1,000 crime cases, including; attempted murder, spousal rape, rape by force, battery, assault with a deadly weapon, discharging a firearm in a grossly negligent manner, vandalism, illegal possession of firearms and ammunition, illegal possession and sales of controlled substances, and others.

3.    Throughout the course of my investigations, I have spoken with numerous victims, witnesses, and suspects of said crimes. Through these discussions as well as through discussions with other detectives, I have learned the manner and methods employed by persons involved in these types of crimes. I have assisted or been involved with approximately 48 search warrants and have personally authored 31 search warrants.

4.    I have received formal training while attending the San Diego Regional Academy in the recognition of narcotics, narcotics paraphernalia and the signs and symptoms a person exhibits while under the influence of narcotics. I have contacted and arrested subjects for being under the influence of narcotics, possession of narcotics, and possession of narcotics for sales. I have conducted surveillance and witnessed several hand-to-hand sales of narcotics that led to arrests. I have participated in numerous undercover (UC) operations that led to arrests of subjects.

5.    Based on my training and experience, I am familiar with how drug traffickers communicate and operate. For example, I am aware that drug traffickers frequently discuss criminal activity using cellular telephones and social media applications such as Facebook, Instagram, and Snapchat, often use coded language to obscure these conversations. I also know that drug traffickers change telephones to evade detection by law enforcement. Moreover, I know that drug traffickers obtain telephones from third parties and or subscribe to them in fictitious names in order to mask the identity of the individuals using the telephones.

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

-2-

6.      The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues.  Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.  Dates, times, and amounts are approximate.

<u>STATEMENT OF PROBABLE CAUSE</u>

7.      On October 17, 2022, San Diego Police Department (SDPD) officers responded to the scene of a suspected overdose of a male identified as T.C. in the bathroom of a residence on Osgood Way in San Diego, California. On the bathroom countertop, SDPD Officers found a white medicine bottle with three small clear Ziploc-style plastic baggies containing: (1) multiple orange oval pills with "b 974" stamped on one side and "30" on the other; (2) multiple green rectangular pills with "S 90 3" stamped on them; and (3) multiple small round blue pills with a boxed "M" stamped on one side and "30" on the other.  The DEA San Diego County Integrated Narcotics Task Force (NTF) Team 10 was contacted and responded to the scene. Team 10 investigators tested one of the small round blue pills with a boxed "M" stamped on one side and "30" on the other and it tested presumptively positive for the presence of fentanyl, a Schedule II Controlled Substance.

8.      TFO Gagliardi located an Apple iPhone on top of the bathroom counter, apparently belonging to T.C., associated with the **Subject Account.** T.C.'s father signed a written consent form for investigators to search T.C.'s cell phone, and T.C.'s girlfriend provided the passcode to unlock the cell phone. The review of T.C.'s phone reveled that

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

-3-

on October 16, 2022, beginning at approximately 1:25 p.m., T.C. sent text messages to a contact with an associated phone number ending in -5673, later identified as A.G., seeking a bottle of Xanax.  A.G. sent T.C. a contact card for "Yogi." Based on a search of law enforcement databases, the Team 10 investigators identified "Yogi" as Juan Carlos CANCHOLA. There was only one text message between T.C. and CANCHOLA in T.C.'s phone. On October 17, 2022, at approximately 10:27 a.m., CANCHOLA wrote to T.C., "Have you tried all 3 yet? What's your opinion?" T.C. did not respond.

9.      On October 25, 2022, TFO Gagliardi, based on the investigation up to that point, applied for a judicially authorized search warrant to search CANCHOLA, his vehicles, and his residence in Escondido, California. San Diego County Superior Court Judge Adelaida Lopez approved the search warrant, numbered 2210251103-SDPD-AXL-SW.

10.      On October 27, 2022, Team 10 investigators served the search warrant. CANCHOLA was detained after exiting the property and TFO Gagliardi searched him and found the following items in his clothing: one small clear plastic baggie containing a white powdery material (subsequently analyzed by the DEA Southwest Regional Laboratory (SWRL) and determined to contain a total of approximately 0.445 net grams of cocaine), one small red Ziploc-style plastic baggie containing a one and a fractional piece of small round blue pills with a boxed "M" stamped on one side and "30" on the other (subsequently analyzed by the DEA SWRL and determined to contain a total of approximately 0.172 net grams of fentanyl), another small clear Ziploc-style plastic baggie containing a white powdery material (subsequently analyzed by the DEA SWRL and determined to contain a total of approximately 1.911 net grams of cocaine) and one Apple iPhone cell phone inside a black case. TFO Gagliardi used his phone to confirm that the Apple iPhone was associated with the number belonging to "Yogi."

11.      Team 10 investigators searched CANCHOLA's residence and located and seized numerous controlled substances, including round blue pills with a boxed "M"

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT
-4-

stamped on one side and "30" on the other (subsequently analyzed by the DEA Southwest Regional Laboratory (SWRL) and determined to contain fentanyl), orange oval shaped tablets stamped "b974" on one side and "30" on the other (subsequently analyzed by the DEA SWRL and determined to contain methamphetamine), and multiple clear Ziploc-style plastic baggies containing a white powdery material (subsequently analyzed by the DEA SWRL and determined to contain cocaine); drug paraphernalia, and over $40,000.00 in United States currency.

12.     CANCHOLA was advised of his *Miranda* rights shortly after 5 p.m. and agreed to an interview without a lawyer present. He admitted to using and selling drugs. CANCHOLA stated that the pills and powder in his right pocket were not for sale, but rather for his personal use, and he denied selling the "blue" pills. He also denied that there was fentanyl in the drugs he used. CANCHOLA confirmed that "Yogi" is his code name.

13.     CANCHOLA provided written consent and the passcode for his Apple iPhone during a post-*Miranda* interview at the San Marcos Sheriff Station. TFO Gagliardi conducted a preliminary search of CANCHOLA's cell phone. There were several messages between CANCHOLA and T.C. regarding CANCHOLA selling T.C. "15 green bars," "15 m30," and "10 orange Addie's"[1] for $350 and meeting at a donut shop in Escondido, California on October 16, 2022. During the exchange, CANCHOLA wrote to T.C. regarding the "m30s:" "These have a bit of F so just so you know."

14.     CANCHOLA's cell phone also contained a text message conversation between CANCHOLA and A.G. on October 16, 2022. In those messages, A.G. wrote CANCHOLA and they discussed CANCHOLA selling Xanax to one of A.G.'s friends who injured his back. A.G. asked CANCHOLA if he could share CANCHOLA's

---

[1]     TFO Gagliardi believed this description reflected what investigators found in T.C.'s bathroom on October 17, 2022.

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

1  contact information with his friend [T.C.]. CANCHOLA responded that was okay and
2  thanked A.G. for "the referrals."

3       15.    Based on my training and experience, and my consultation with other law
4  enforcement officers, I am aware that Verizon Wireless routinely collects and stores
5  data for the electronic communication accounts to which it and other providers issue
6  telephone numbers.  The data includes: (i) subscribers' contact and billing information;
7  (ii) detailed information concerning subscribers' incoming and outgoing telephone
8  calls; (iii) detailed information concerning subscribers' outgoing direct calls, text
9  message, and SMS messages; and (iv) detailed information concerning cell-site geo-
10 location data.

11      16.    In particular, I know that cell phones connect to a provider's network
12 through cell towers or cell sites. The particular tower or site may change as a phone
13 moves from one location to another. Providers automatically record and retain this
14 connection data as part of the subject account. Records and data identifying the towers
15 or sites to which a phone connected therefore tend to identify the phone's and phone
16 user's location at particular times.  I also know that different providers use the speed
17 with which signals travel between cell phones and cell towers ("per call measurement
18 data," or "PCMD"), as well as other data, to better calculate and record the location of
19 phones accessing their networks.  Different providers may use different terminology to
20 describe PCMD.  For example, AT&T has referred to the resulting location information
21 as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and
22 T-Mobile, as "timing advance" data.

23      17.    This application also requests such per call measurement data (by whatever
24 name the provider uses) for the subject account for the following date and time range:
25 **October 13, 2022, 7 p.m. UTC (12 p.m. PDT) through October 17, 2022, 7 p.m.**
26 **UTC (12 p.m. PDT)**.

27

28
   AFFIDAVIT IN SUPPORT OF APPLICATION                    -6-
   FOR SEARCH WARRANT

18.     Given these facts, I seek a warrant to search the subject account for the records and information in Attachment B.

<u>PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE</u>

19.     The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

*Matthew Gagliardi*
_____
Matthew Gagliardi, Task Force Officer
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 10th day of January, 2023.

*William V. Gallo*
_____
HON. WILLIAM V. GALLO
U.S. MAGISTRATE JUDGE

AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT

-7-